LITTON INDUSTRIES, INC., Plaintiff,

v.

LEHMAN BROTHERS KUHN LOEB INCORPORATED, et al., Defendants.

No. 86 Civ. 6447 (JMC).

United States District Court, S.D. New York.

Oct. 6, 1988.

Freedman, Levy, Kroll & Simonds, Washington, D.C., for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Dennis B. Levine.

Curtis, Mallet–Prevost, Colt & Mosle, New York City, for defendant Ira B. Sokolow.

## OPINION AND ORDER

NINA GERSHON, United States Magistrate:

Plaintiff moves for an order removing the designation "confidential" from the deposition testimony of defendants Levine and Sokolow. The designation was made by defendants' counsel pursuant to a "Stipulation and Order Governing the Protection and Exchange of Confidential Information" ("the protective order") agreed to by the parties and signed by me on February 17, 1987, which provides that counsel may designate as "confidential" any document or deposition testimony that counsel "in good faith considers to contain or reflect a trade secret or research, development, financial, commercial or business or other information which the producing party deems confidential." Under the order, upon designation as "confidential," use and dissemination of the material are limited.

Since the order was not based upon a prior adjudication that the materials to be produced in discovery were in fact entitled to confidential treatment, the order provides, in paragraph 1, that, "Any party may, at any time, request that a document or information be removed from the 'CONFIDENTIAL' designation and, if the other party objects, seek relief under the Federal Rules of Civil Procedure pursuant to paragraph 8 below." Paragraph 8 provides that "Any party needing relief from the provisions of this Stipulation and Order ... may, if agreement cannot be reached among the parties, seek relief from this Court, upon at least seven business days' notice to the other parties."

At issue now are confidentiality designations made by defendants' counsel as to assertions of the Fifth Amendment by defendants Sokolow and Levine at their depositions. Defendant Sokolow declined, on

Fifth Amendment grounds, to answer any questions put to him at his deposition. Defendant Levine invoked the Fifth Amendment as to many questions but answered others. On oral argument plaintiff's counsel stated that plaintiff had no interest in the unsealing of the answers given, but was interested only in the unsealing of those portions of Levine's deposition where he declined to answer on Fifth Amendment grounds. See transcript of March 28, 1988 at 43–45.

In support of the confidentiality designations, defendants' counsel argue that their clients' reliance on the Fifth Amendment might be embarrassing. No authority is offered that would suggest that an assertion of the Fifth Amendment meets the standards for the imposition of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Whatever might be said if both defendants were not already convicted felons, under the circumstances presented here, it is difficult to discern any significant embarrassment that could reasonably be said to arise from their assertion of the Fifth Amendment in these proceedings.

Plaintiff, for its part, asserts that it is seeking information from non-party sources, particularly in the Congress, who it hopes will be more forthcoming if plaintiff can demonstrate that it has been foreclosed from getting information directly from defendants. The record supports the conclusion that plaintiff is acting in good faith, for the purpose asserted, in seeking removal of the designations at this time.

Perhaps because their arguments as to why their deposition testimony should be treated as confidential are so weak, defendants argue principally that the burden is on plaintiff to upset the designations, and that that burden is a heavy one which plaintiff cannot meet, particularly in light of the defendants' "reliance" on their designations of confidentiality. In support of their position, defendants rely upon a line of cases exemplified by *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir.1979).

This reliance is wholly misplaced. In *Martindell*, the district court had entered a protective order allowing certain civil depositions of defendants and non-parties to be taken under seal, which order had facilitated the obtaining of testimony and had rendered unnecessary the invocation by the witnesses of their Fifth Amendment rights. The Court of Appeals for the Second Circuit upheld the district court's denial of the request of the Government, a non-party to the civil suit, for unsealing. The court referred to the vital function of protective orders in securing the just, speedy and inexpensive determination of civil disputes "by encouraging full disclosure of all evidence that might conceivably be relevant." *Id.* at 295. It was in that context that the Court of Appeals stated (*Id.* at 295–96):

> "Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences. In short, witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available to the Government for criminal investigatory purposes in disregard of those orders."

The Court of Appeals then weighed the needs of the Government against the interests protected by the order and, citing *GAF v. Kodak*, 415 F.Supp. 129, 132 (S.D.N.Y. 1976), emphasized that " 'the Government as investigator has awesome powers' which render unnecessary its exploitation of the fruits of private litigation." 594 F.2d at 296. In conclusion, after balancing the interests, the court stated that "we are satisfied that, absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need, none of which appear here, a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government...." *Id.*

In sum, in *Martindell* the district court had determined that certain discovery was

entitled to protection from third parties, in particular government agencies, and, in reliance upon the protective order, discovery in the civil case, which was otherwise unavailable, was obtained. Under those circumstances, the court of appeals imposed a heavy burden upon the Government to upset the protective order. The identical principles are at work in the other cases relied upon by the defendants. Thus, in *Minpeco S.A. v. Conticommodity Services*, 832 F.2d 739, 742 (2d Cir.1987), where the court of appeals applied the "compelling need" test, the district court had fully evaluated the question whether the plaintiffs in that case should be permitted to make the discovery produced available to non-party government agencies before entering the protective order which the Government, a non-party, later sought to overturn. Similarly, in *Palmieri v. State of New York*, 779 F.2d 861, 864–65 (2d Cir.1985), the court noted the parties' reliance on the secrecy of settlement discussions, which reliance had formed the basis for the magistrate's sealing orders, when applying the "compelling need" standard to the application of the State, a non-party, for unsealing. *Accord Federal Deposit Ins. Corp. v. Ernst & Ernst*, 677 F.2d 230 (2d Cir.1982).

Here, in stark contrast, the protective order did not adjudicate the appropriateness of confidentiality as to particular items of discovery nor was there the reliance on confidentiality that existed in the above-cited cases.

As described above, the protective order in this case provides that counsel may designate, "in good faith", those materials counsel deem to be entitled to confidential treatment, and the designations now at issue have never before been the subject of court adjudication. The very terms of the protective order provide that, where there is a challenge to the designation of confidentiality, which challenge can be made "at any time", the dispute shall be presented to the court in accordance with the Federal Rules of Civil Procedure. *See* paragraph 1 of the protective order. It is under this provision that the matter is now before the court.

■ Under these circumstances, defendants' argument that they relied on the protective order is utterly meritless. Indeed, not only could there be no reasonable reliance by the very terms of the protective order, but in fact, unlike the cases described above and urged by the defendants, there was no reliance at all. For example, in *Martindell, supra*, the witnesses' reliance on the protective order had allowed the free flow of information by obviating the invocation of the Fifth Amendment. Here of course the protective order did not induce the defendants to testify; they asserted the Fifth Amendment.

In this case, as in *In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 147 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987) and —— U.S. ——, 108 S.Ct. 289, 98 L.Ed.2d 249 (1987), one party is seeking relief from the terms of a protective order under which the party asserting confidentiality has not yet been required to establish, in a contested proceeding, that confidential treatment is warranted. Here, as in that case, the parties "were on notice virtually from the time it was issued that the district court's order might be lifted or modified" and there was no reasonable reliance on the order. *Id.* at 144. On these grounds, the court of appeals explicitly distinguished the cases, discussed above, upon which the defendants here rely. *Id.* at 147.

Turning to the question as to which party now bears the burden of proof, the court of appeals in *Agent Orange* noted that, under Rule 26(c), the party seeking a protective order has the burden of showing that good cause exists for issuance of the order. *Id.* at 145. Here of course the initial order has already been entered and, as the court of appeals recognized in *Agent Orange*, "the unusual scope" of a litigation may warrant a broad initial order. *Id.* at 148. The question then is who bears the burden at this time, after paragraphs 1 and 8 have been invoked. Although paragraph 1 of the order imposes upon the party opposing confidentiality the burden of invoking the court's adjudication, it does not, explicitly or implicitly, impose on that party

the burden of establishing that the designation of confidentiality be removed. Rather, I find that the burden of establishing the need for confidentiality remains with the party asserting confidentiality. Magistrate Scheindlin, affirmed by Judge Weinstein, reached the same conclusion with regard to the protective order in the *Agent Orange* case, (*see*, 104 F.R.D. 559, 562, 568–570 (E.D.N.Y.1985)); the court of appeals in that case declined to reach the issue because it concluded that, even if the burden were on the party opposing confidentiality to show "compelling need," that standard was met where there was no reasonable reliance on the order and where the party asserting confidentiality had never been required to demonstrate to the court that confidentiality was required. 821 F.2d at 147.

Indeed, if I did not so read the order which I entered, a serious question would arise as to whether it had been improvidently granted. Although the court of appeals in *Agent Orange* declined to reach the burden of proof issue, it emphasized the significance of the absence of any demonstration by the parties asserting confidentiality that the material designated confidential was in fact entitled to confidential treatment in evaluating whether the orders should be lifted. *Id.* at 148.

█ The rationale for confidentiality offered here (see discussion *supra* at pp. 433–434) clearly does not meet the standard for entry of a protective order under Rule 26(c) and therefore the confidentiality designations must be removed. Counsel for Levine, on oral argument, suggested, however, that it was perhaps unnecessary to meet this standard, for the parties had negotiated protection that was arguably broader than that afforded by Rule 26(c). This argument neglects that what is at issue is not a mere contract between parties but an order. Although not as explicit as it might have been, the order's reference to the Federal Rules of Civil Procedure indicates that it was not intended to alter the requirements of Rule 26(c) as to the applicable standard for protecting discovery materials.

The designations of confidentiality as to Sokolow's deposition and as to that part of Levine's deposition where he declined to answer on Fifth Amendment grounds are stricken.

SO ORDERED.